**Macco & Stern, LLP**
Attorneys for the Trustee
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900
Richard L. Stern, Esq.
Cooper J Macco, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

FINE LINE PRODUCTS CORP.,

                               Debtor.

-------------------------------------------------------------------X

RICHARD L. STERN, as Trustee of the Estate of Fine Line
Products Corp.,

                              Plaintiff,

             -against-

SANFORD LITVACK and S. LITVACK INC., A/K/A
LITVACK SANFORD, INC.,

                              Defendants.

-------------------------------------------------------------------X

Case No. 16-70277 (LAS)

Chapter 7

Adv. Pro. No.

## COMPLAINT

    Richard L. Stern (the "Trustee" or "Plaintiff"), the chapter 7 trustee of the estate of Fine

Line Products Corp. (the "Debtor"), by and through his counsel Macco & Stern, LLP, complaining

of defendants Sanford Litvack ("Litvack"), individually, and S. Litvack Inc., a/k/a Litvack

Sanford, Inc. (the "Corporation", and together with Litvack, the "Defendants"), respectfully

alleges as follows:

1

## PRELIMINARY STATEMENT

This adversary proceeding is commenced pursuant to 11 U.S.C. §§105, 502, 544, 547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 273-a, 274, 275, and 278, and New York common law, to avoid and recover certain transfers made by the Debtor to the Defendants.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and the Standing Order of the United States District Court for the Eastern District of New York, dated December 5, 2012 (Amon, C.J.).

2.      The statutory predicates for the relief sought herein are 11 U.S.C. §§105, 502, 544, 547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 278, and New York common law.

3.      This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(F), 157(b)(2)(H), 157(b)(2)(K) and 157(b)(2)(O).

4.      This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

## PROCEDURAL BACKGROUND

5.      On January 24, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6.      On February 2, 2016, the Trustee was appointed the interim trustee, and has since duly qualified, and is now the permanent trustee of the Debtor's estate.

7.      By order, dated February 3, 2016, the Court approved the retention of Macco & Stern, LLP as attorneys for the Trustee.

## PARTIES

8.　　At all relevant times Debtor was a domestic corporation with a principal place of business located at 100 Merrick Road, Rockville Centre, New York 11570.

9.　　The Plaintiff is the chapter 7 trustee of the Debtor's bankruptcy estate.

10.　　Upon information and belief, Sanford Litvack is an individual and insider of the Debtor pursuant to Bankruptcy Code §101, who resides at 41 Baldwin Farm South, Greenwich, Connecticut 06831, formerly residing at 723 Lake Avenue, Greenwich, Connecticut 06830.

11.　　Upon information and belief, S. Litvack Inc., a/k/a Litvack Sanford, Inc. is a domestic corporation and insider of the Debtor pursuant to Bankruptcy Code §101, with a registered agent entitled to accept service named Howard W. Muchnick, c/o Muchnick, Golieb & Golieb P.C., 200 Park Avenue South, Suite 1700, New York, New York 10003.

12.　　Upon information and belief, Litvack is an officer, director, and/or shareholder of the defendant Corporation.

## FACTUAL BACKGROUND

13.　　Prior to the Petition Date, Debtor was a wholesaler of office and school supplies to various box store retailers and school districts across the country.

14.　　Prior to the Petition Date, Debtor had two officers, directors, and shareholders named Nissam Cohen and Richard Litvack.

15.　　Upon information and belief, Richard Litvack is the brother of defendant Sanford Litvack.

16.　　Upon information and belief, on or about January 28, 2014, Debtor borrowed Two Hundred Thousand and 00/100 ($200,000.00) Dollars from Litvack in exchange for a security interest in the Debtor's receivables (the "First Loan").

17.     Upon information and belief, the First Loan was memorialized by various written agreements, including: (1) a Secured Promissory Note, dated January 28, 2014 (the "First Note"); (2) a Pledge Agreement, dated January 28, 2014 (the "First Pledge"), granting Litvack a security interest in the Debtor's accounts receivables; and (3) a personal guaranty of the Debtor's principal, Richard Litvack, dated January 28, 2014.

18.     Upon information and belief, Litvack failed to perfect the security interest contained in the First Pledge prior to the Petition Date.

19.     Upon information and belief, on or about August 5, 2014 (the "First Transfer"), Debtor wire transferred One Hundred Five Thousand and 00/100 ($105,000.00) Dollars (the "First Transfer") to a Goldman Sachs account at Citibank, N.A. to, or for the benefit of, the defendant Corporation.

20.     Upon information and belief, on or about August 19, 2014, Debtor wire transferred Fifty-Two Thousand Five Hundred and 00/100 ($52,500.00) Dollars (the "Second Transfer") to a Goldman Sachs account at Citibank, N.A. to, or for the benefit of, the defendant Corporation.

21.     Upon information and belief, on or about October 6, 2014, Debtor borrowed One Hundred Fifty Thousand and 00/100 ($150,000.00) Dollars from Litvack in exchange for a security interest in the Debtor's receivables (the "Second Loan").

22.     Upon information and belief, the Second Loan was memorialized by various written agreements, including: (1) a Secured Promissory Note, dated October 6, 2014 (the "Second Note"); (2) a Pledge Agreement, dated October 6, 2014 (the "Second Pledge"), granting Litvack a security interest in the Debtor's accounts receivables; and (3) a personal guaranty of the Debtor's principal, Richard Litvack, dated October 6, 2014.

23.     Upon information and belief, Litvack failed to perfect the security interest contained in the Second Pledge prior to the Petition Date.

24.     Upon information and belief, on or about June 18, 2015 (the "Third Transfer Date"), Debtor wire transferred Two Hundred Fifteen Thousand and 00/100 ($215,000.00) Dollars (the "Third Transfer") to a Goldman Sachs account at Citibank, N.A. to, or for the benefit of, the defendant Corporation.

25.     Prior to the First Loan, First Transfer, Second Transfer, Second Loan, and Third Transfer, the Debtor had creditors who were owed money which remained outstanding as of the Petition Date, as reflected on the Debtor's schedules.

## AS AND FOR THE FIRST CAUSE OF ACTION
### Avoidance of Unperfected Security Interest Pursuant to 11 U.S.C. §544
### (incorporating all previous allegations)

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25.

27.     Prior to the Petition Date, Debtor executed the First Pledge in favor of defendant Litvack.

28.     The First Pledge is a security agreement whereby the Debtor agreed to grant defendant Litvack a security interest in its accounts receivables.

29.     Upon information and belief, defendant Litvack failed to perfect the security interest in the accounts receivables prior to the Petition Date.

30.     The unperfected security interest of defendant Litvack contained in the First Pledge is void as to the Plaintiff by virtue of Bankruptcy Code §544.

## AS AND FOR THE SECOND CAUSE OF ACTION
### Avoidance of Unperfected Security Interest Pursuant to 11 U.S.C. §544
### (incorporating all previous allegations)

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30.

32.     Prior to the Petition Date, Debtor executed the Second Pledge in favor of defendant Litvack.

33.     The Second Pledge is a security agreement whereby the Debtor agreed to grant defendant Litvack a security interest in its accounts receivables.

34.     Upon information and belief, defendant Litvack failed to perfect the security interest in the accounts receivables prior to the Petition Date.

35.     The unperfected security interest of defendant Litvack contained in the Second Pledge is void as to the Plaintiff by virtue of Bankruptcy Code §544.

## AS AND FOR THE THIRD CAUSE OF ACTION
### Avoidance of the First Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §273
### (incorporating all previous allegations)

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36.

37.     The First Transfer was a conveyance of the Debtor's property to the defendant Corporation.

38.     Debtor was rendered insolvent by the First Transfer.

39.     The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §273, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### Avoidance of the First Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544  and New York Debtor and Creditor Law §273-a
### (incorporating all previous allegations)

40.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39.

41.     The First Transfer was a conveyance of the Debtor's property to the defendant Corporation.

42.     Debtor made the First Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

43.     The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §273-a, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### Avoidance of the First Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §274
### (incorporating all previous allegations)

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43.

45.     At the time of the First Transfer, Debtor was engaged or about to engage in a business or transaction.

46.     The First Transfer was a conveyance of the Debtor's property to the defendant Corporation.

47.     Debtor made the First Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

48.     After the First Transfer, the Debtor was left with unreasonably small capital.

49.    The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §274, applicable in this proceeding pursuant to Bankruptcy Code §544.

### AS AND FOR THE SIXTH CAUSE OF ACTION
#### Avoidance of the First Transfer as Constructive Fraudulent
#### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §275
#### (incorporating all previous allegations)

50.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49.

51.    The First Transfer was a conveyance of the Debtor's property to the defendant Corporation.

52.    Debtor made the First Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

53.    Debtor intended to incur additional debts after the First Transfer.

54.    The First Transfer rendered the Debtor unable to pay debts as the debts matured.

55.    The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §275, applicable in this proceeding pursuant to Bankruptcy Code §544.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
#### Recovery of the First Transfer
#### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §278
#### (incorporating all previous allegations)

56.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55.

57.    The First Transfer was a conveyance of the Debtor's property to the defendant Corporation.

58.     The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

59.     The Trustee may recover the First Transfer pursuant to New York Debtor and Creditor Law §278, made applicable in this proceeding pursuant to Bankruptcy Code §544.

60.     Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the First Transfer.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
### Recovery of the First Transfer Pursuant to 11 U.S.C. §§544 and 550
### (incorporating all previous allegations)

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 60.

62.     The First Transfer was a transfer of the Debtor's property to the defendant Corporation.

63.     The First Transfer was fraudulent as to the creditors of the Debtor.

64.     The First Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

65.     The Trustee may recover the First Transfer pursuant to Bankruptcy Code §550.

66.     Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the First Transfer.

## AS AND FOR THE NINTH CAUSE OF ACTION
### Avoidance of the First Transfer as
### Constructively Fraudulent Pursuant to 11 U.S.C. §548
### (incorporating all previous allegations)

67.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 66.

68.    The First Transfer was a transfer of the Debtor's property to the defendant Corporation.

69.    The First Transfer was made within two (2) years of the Petition Date.

70.    Debtor received less than reasonably equivalent value from the defendant Corporation in exchange for the First Transfer.

71.    Debtor was insolvent on the date or the First Transfer, or became insolvent as a result of the First Transfer.

72.    Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor after the First Transfer was unreasonably small capital.

73.    Debtor intended to incur, or believed that the Debtor would incur, debts that would beyond the Debtor's ability to pay as such debts matured after the First Transfer.

74.    The First Transfer is avoidable pursuant to Bankruptcy Code §548.

## AS AND FOR THE TENTH CAUSE OF ACTION
### Recovery of the First Transfer Pursuant to 11 U.S.C. §§548 and 550
### (incorporating all previous allegations)

75.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74.

76.    The First Transfer was a transfer of the Debtor's property to the defendant Corporation.

77.   The First Transfer is avoidable pursuant to Bankruptcy Code §548.

78.   The Trustee may recover the First Transfer pursuant to Bankruptcy Code §550.

79.   Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the First Transfer.

## AS AND FOR THE ELEVENTH CAUSE OF ACTION
### Avoidance of the Second Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §273
### (incorporating all previous allegations)

80.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 79.

81.   The Second Transfer was a conveyance of the Debtor's property to the defendant Corporation.

82.   Debtor was rendered insolvent by the Second Transfer.

83.   The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §273, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE TWELFTH CAUSE OF ACTION
### Avoidance of the Second Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544  and New York Debtor and Creditor Law §273-a
### (incorporating all previous allegations)

84.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83.

85.   The Second Transfer was a conveyance of the Debtor's property to the defendant Corporation.

86.   Debtor made the Second Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

87.     The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §273-a, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE THIRTEENTH CAUSE OF ACTION
### Avoidance of the Second Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §274
### (incorporating all previous allegations)

88.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 86.

89.     At the time of the Second Transfer, Debtor was engaged or about to engage in a business or transaction.

90.     The Second Transfer was a conveyance of the Debtor's property to the defendant Corporation.

91.     Debtor made the Second Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

92.     After the Second Transfer, the Debtor was left with unreasonably small capital.

93.     The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §274, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE FOURTEENTH CAUSE OF ACTION
### Avoidance of the Second Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §275
### (incorporating all previous allegations)

94.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93.

95.     The Second Transfer was a conveyance of the Debtor's property to the defendant Corporation.

96.     Debtor made the Second Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

97.     Debtor intended to incur additional debts after the Second Transfer.

98.     The Second Transfer rendered the Debtor unable to pay debts as the debts matured.

99.     The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §275, applicable in this proceeding pursuant to Bankruptcy Code §544.

### AS AND FOR THE FIFTEENTH CAUSE OF ACTION
### Recovery of the Second Transfer
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §278
### (incorporating all previous allegations)

100.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 99.

101.    The Second Transfer was a conveyance of the Debtor's property to the defendant Corporation.

102.    The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

103.    The Trustee may recover the Second Transfer pursuant to New York Debtor and Creditor Law §278, made applicable in this proceeding pursuant to Bankruptcy Code §544.

104.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Second Transfer.

### AS AND FOR THE SIXTEENTH CAUSE OF ACTION
### Recovery of the Second Transfer Pursuant to 11 U.S.C. §§544 and 550
### (incorporating all previous allegations)

105.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 104.

106.    The Second Transfer was a transfer of the Debtor's property to the defendant Corporation.

107.    The Second Transfer was fraudulent as to the creditors of the Debtor.

108.    The Second Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

109.    The Trustee may recover the Second Transfer pursuant to Bankruptcy Code §550.

110.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Second Transfer.

### AS AND FOR THE SEVENTEENTH CAUSE OF ACTION
#### Avoidance of the Second Transfer as
#### Constructively Fraudulent Pursuant to 11 U.S.C. §548
#### (incorporating all previous allegations)

111.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 110.

112.    The Second Transfer was a transfer of the Debtor's property to the defendant Corporation.

113.    The Second Transfer was made within two (2) years of the Petition Date.

114.    Debtor received less than reasonably equivalent value from the defendant Corporation in exchange for the Second Transfer.

115.    Debtor was insolvent on the date or the Second Transfer, or became insolvent as a result of the Second Transfer.

116.    Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor after the Second Transfer was unreasonably small capital.

117.    Debtor intended to incur, or believed that the Debtor would incur, debts that would

beyond the Debtor's ability to pay as such debts matured after the Second Transfer.

118.    The Second Transfer is avoidable pursuant to Bankruptcy Code §548.

### AS AND FOR THE EIGHTEENTH CAUSE OF ACTION
**Recovery of the Second Transfer Pursuant to 11 U.S.C. §§548 and 550**
**(incorporating all previous allegations)**

119.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 118.

120.    The Second Transfer was a transfer of the Debtor's property to the defendant

Corporation.

121.    The Second Transfer is avoidable pursuant to Bankruptcy Code §548.

122.    The Trustee may recover the Second Transfer pursuant to Bankruptcy Code §550.

123.    Therefore, the Trustee requests a money judgment against the defendant

Corporation in the amount of the Second Transfer.

### AS AND FOR THE NINETEENTH CAUSE OF ACTION
**Avoidance of the Third Transfer as Constructive Fraudulent**
**Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §273**
**(incorporating all previous allegations)**

124.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 123.

125.    The Third Transfer was a conveyance of the Debtor's property to the defendant

Corporation.

126.    Debtor was rendered insolvent by the Third Transfer.

127.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law

§273, applicable in this proceeding pursuant to Bankruptcy Code §544.

15

## AS AND FOR THE TWENTIETH CAUSE OF ACTION
### Avoidance of the Third Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544  and New York Debtor and Creditor Law §273-a
### (incorporating all previous allegations)

128.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 127.

129.    The Third Transfer was a conveyance of the Debtor's property to the defendant Corporation.

130.    Debtor made the Third Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

131.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law §273-a, applicable in this proceeding pursuant to Bankruptcy Code §544.

## AS AND FOR THE TWENTY-FIRST CAUSE OF ACTION
### Avoidance of the Third Transfer as Constructive Fraudulent
### Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §274
### (incorporating all previous allegations)

132.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 131.

133.    At the time of the Third Transfer, Debtor was engaged or about to engage in a business or transaction.

134.    The Third Transfer was a conveyance of the Debtor's property to the defendant Corporation.

135.    Debtor made the Third Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

136.    After the Third Transfer, the Debtor was left with unreasonably small capital.

137.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law §274, applicable in this proceeding pursuant to Bankruptcy Code §544.

<div align="center">

**AS AND FOR THE TWENTY-SECOND CAUSE OF ACTION**
**Avoidance of the Third Transfer as Constructive Fraudulent**
**Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §275**
**(incorporating all previous allegations)**

</div>

138.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 137.

139.    The Third Transfer was a conveyance of the Debtor's property to the defendant Corporation.

140.    Debtor made the Third Transfer to the defendant Corporation without receiving fair consideration from the defendant Corporation.

141.    Debtor intended to incur additional debts after the Third Transfer.

142.    The Third Transfer rendered the Debtor unable to pay debts as the debts matured.

143.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law §275, applicable in this proceeding pursuant to Bankruptcy Code §544.

<div align="center">

**AS AND FOR THE TWENTY-THIRD CAUSE OF ACTION**
**Recovery of the Third Transfer**
**Pursuant to 11 U.S.C. §544 and New York Debtor and Creditor Law §278**
**(incorporating all previous allegations)**

</div>

144.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 143.

145.    The Third Transfer was a conveyance of the Debtor's property to the defendant Corporation.

146.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

147.    The Trustee may recover the Third Transfer pursuant to New York Debtor and Creditor Law §278, made applicable in this proceeding pursuant to Bankruptcy Code §544.

148.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Third Transfer.

<u>**AS AND FOR THE TWENTY-FOURTH CAUSE OF ACTION**</u>
<u>**Recovery of the Third Transfer Pursuant to 11 U.S.C. §§544 and 550**</u>
<u>**(incorporating all previous allegations)**</u>

149.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 148.

150.    The Third Transfer was a transfer of the Debtor's property to the defendant Corporation.

151.    The Third Transfer was fraudulent as to the creditors of the Debtor.

152.    The Third Transfer is avoidable pursuant to New York Debtor and Creditor Law §§273, 273-a, 274, and 275, made applicable in this proceeding pursuant to Bankruptcy Code §544.

153.    The Trustee may recover the Third Transfer pursuant to Bankruptcy Code §550.

154.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Third Transfer.

## AS AND FOR THE TWENTY-FIFTH CAUSE OF ACTION
### Avoidance of the Third Transfer as
### Constructively Fraudulent Pursuant to 11 U.S.C. §548
### (incorporating all previous allegations)

155.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 154.

156.    The Third Transfer was a transfer of the Debtor's property to the defendant Corporation.

157.    The Third Transfer was made within two (2) years of the Petition Date.

158.    Debtor received less than reasonably equivalent value from the defendant Corporation in exchange for the Third Transfer.

159.    Debtor was insolvent on the date or the Third Transfer, or became insolvent as a result of the Third Transfer.

160.    Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor after the Third Transfer was unreasonably small capital.

161.    Debtor intended to incur, or believed that the Debtor would incur, debts that would beyond the Debtor's ability to pay as such debts matured after the Third Transfer.

162.    The Third Transfer is avoidable pursuant to Bankruptcy Code §548.

## AS AND FOR THE TWENTY-SIXTH CAUSE OF ACTION
### Recovery of the Third Transfer Pursuant to 11 U.S.C. §§548 and 550
### (incorporating all previous allegations)

163.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 162.

164.    The Third Transfer was a transfer of the Debtor's property to the defendant Corporation.

165.    The Third Transfer is avoidable pursuant to Bankruptcy Code §548.

166.    The Trustee may recover the Third Transfer pursuant to Bankruptcy Code §550.

167.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Third Transfer.

<div align="center">

**AS AND FOR THE TWENTY-SEVENTH CAUSE OF ACTION**
**Avoidance of the Third Transfer Pursuant to 11 U.S.C. §547**
**(incorporating all previous allegations)**

</div>

168.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 167.

169.    The Third Transfer was a transfer of an interest of the Debtor in property.

170.    The Third Transfer was to or for the benefit of the defendant Corporation.

171.    The Third Transfer was for or on account of an antecedent debt owed by the Debtor to the defendant Corporation before the Third Transfer was made.

172.    The Third Transfer was made while the Debtor was insolvent.

173.    The Third Transfer was made between ninety (90) days and one (1) year before the Petition Date.

174.    The defendant Corporation is an insider of the Debtor.

175.    The Third Transfer allowed the defendant Corporation to receive more than the defendant Corporation would have received if this was a case under chapter 7 of the Bankruptcy Code, the Third Transfer was not made, and the defendant Corporation received payment of its debt to the extent provided by the Bankruptcy Code.

176.    The Third Transfer is avoidable pursuant to Bankruptcy Code §547.

## AS AND FOR THE TWENTY-EIGHTH CAUSE OF ACTION
### Recovery of the Third Transfer Pursuant to 11 U.S.C. §§547 and 550
### (incorporating all previous allegations)

177.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 176.

178.    The Third Transfer was a transfer of the Debtor's property to the defendant Corporation.

179.    The Third Transfer is avoidable pursuant to Bankruptcy Code §547.

180.    The Trustee may recover the Third Transfer pursuant to Bankruptcy Code §550.

181.    Therefore, the Trustee requests a money judgment against the defendant Corporation in the amount of the Third Transfer.

## AS AND FOR THE TWENTY-NINTH CAUSE OF ACTION
### Avoidance of the Third Transfer Pursuant to 11 U.S.C. §547
### (incorporating all previous allegations)

182.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 181.

183.    The Third Transfer was a transfer of an interest of the Debtor in property.

184.    The Third Transfer was to or for the benefit of Litvack.

185.    The Third Transfer was for or on account of an antecedent debt owed by the Debtor to Litvack before the Third Transfer was made.

186.    The Third Transfer was made while the Debtor was insolvent.

187.    The Third Transfer was made between ninety (90) days and one (1) year before the Petition Date.

188.    Litvack is an insider of the Debtor.

189.    The Third Transfer allowed the Litvack to receive more than Litvack would have received if this was a case under chapter 7 of the Bankruptcy Code, the Third Transfer was not made, and Litvack received payment of his debt to the extent provided by the Bankruptcy Code.

190.    The Third Transfer is avoidable pursuant to Bankruptcy Code §547.

### AS AND FOR THE THIRTIETH CAUSE OF ACTION
### Recovery of the Third Transfer Pursuant to 11 U.S.C. §§547 and 550
### (incorporating all previous allegations)

191.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 190.

192.    The Third Transfer was a transfer of the Debtor's property to or for the benefit of Litvack.

193.    The Third Transfer is avoidable pursuant to Bankruptcy Code §547.

194.    The Trustee may recover the Third Transfer pursuant to Bankruptcy Code §550.

195.    Therefore, the Trustee requests a money judgment against the Litvack in the amount of the Third Transfer.

### AS AND FOR THE THIRTY-FIRST CAUSE OF ACTION
### Disallowance of any Proof of Claim Pursuant to 11 U.S.C. §502
### (incorporating all previous allegations)

196.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 196.

197.    The Plaintiff seeks to set aside the First Transfer, Second Transfer and Third Transfer from the Debtor to the defendant Corporation pursuant to Bankruptcy Code §544 and 548.

198.    The Plaintiff seeks to set aside the Third Transfer from the Debtor to the defendant Corporation pursuant to Bankruptcy Code §§544, 547, and 548.

199.    The Plaintiff seeks to recover the First Transfer, Second Transfer and Third Transfer from the defendant Corporation pursuant to Bankruptcy Code §550.

200.    The defendant Corporation is not entitled to any claim against the Debtor pursuant to Bankruptcy Code §502.

201.    Therefore, the Trustee requests that the Court disallow any claim filed by the defendant Corporation unless and until the defendant Corporation pay the combined amounts of the First Transfer, Second Transfer, and Third Transfer to the Trustee.

### AS AND FOR THE THIRTY-SECOND CAUSE OF ACTION
### Disallowance of any Proof of Claim Pursuant to 11 U.S.C. §502
### (incorporating all previous allegations)

202.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 201.

203.    The Plaintiff seeks to set aside the Third Transfer from Litvack pursuant to Bankruptcy Code §547.

204.    The Plaintiff seeks to recover the Third Transfer from Litvack pursuant to Bankruptcy Code §550.

205.    Litvack is not entitled to any claim against the Debtor pursuant to Bankruptcy Code §502.

206.    Therefore, the Trustee requests that the Court disallow any claim filed by Litvack unless and until Litvack pays the amount of the Third Transfer to the Trustee.

## **RESERVATION OF RIGHTS**

207.    Plaintiff intends to recover the Transfers made by the Debtor to the Defendants prior to the Petition Date, and, as such, hereby specifically reserved his rights to amend this complaint or file an additional action against the Defendants to recover additional transfers, if any, which are not identified herein, to bring any and other causes of action that he could maintain against the Defendants, including, without limitation, causes of action arising out of the same transactions described herein, to the extent discovery in this action or further investigation by Trustee reveals additional transfers or further causes of action.

**WHEREFORE**, the Trustee prays for a judgment of the Court:

(i)    Avoiding the First Pledge made by the Debtor to Litvack as an unperfected security interest pursuant to Bankruptcy Code §544;

(ii)    Avoiding the Second Pledge made by the Debtor to Litvack as an unperfected security interest pursuant to Bankruptcy Code §544;

(iii)    Avoiding the First Transfer made by the Debtor to the defendant Corporation in an amount of not less than One Hundred Five Thousand and 00/100 ($105,000) Dollars pursuant to Bankruptcy Code §§544 and 548, New York Debtor and Creditor Law §§273, 273-a, 274, 275, and New York common law;

(iv)    Granting the Trustee a money judgment against the defendant Corporation for the First Transfer in an amount of not less than One Hundred Five Thousand and 00/100 ($105,000.00) Dollars pursuant to Bankruptcy Code §§544 and 550, and New York Debtor and Creditor Law §278;

(v)    Avoiding the Second Transfer made by the Debtor to the defendant Corporation in an amount of not less than Fifty-Two Thousand Five Hundred ($52,500.00) Dollars pursuant to Bankruptcy Code §§544 and 548, New York Debtor and Creditor Law §§273, 273-a, 274, 275, and New York common law;

(vi)    Granting the Trustee a money judgment against the defendant Corporation for the Second Transfer in an amount of not less than Fifty-Two Thousand Five Hundred and 00/100 ($52,500.00) Dollars pursuant to Bankruptcy Code §§544 and 550, and New York Debtor and Creditor Law §278;

(vii)    Avoiding the Third Transfer made by the Debtor to the defendant Corporation in an amount of not less than Two Hundred Fifteen Thousand and 00/100 ($215,000.00) Dollars pursuant to Bankruptcy Code §§544, 547 and 548, New

24

York Debtor and Creditor Law §§273, 273-a, 274, 275, and New York common law;

(viii) Granting the Trustee a money judgment against the defendant Corporation for the Third Transfer in an amount of not less than Two Hundred Fifteen Thousand and 00/100 ($215,000.00) Dollars pursuant to Bankruptcy Code §§544 and 550, and New York Debtor and Creditor Law §278;

(ix) Avoiding the Third Transfer made by the Debtor to Litvack in an amount of not less than Two Hundred Fifteen Thousand and 00/100 ($215,000.00) Dollars pursuant to Bankruptcy Code §547;

(x) Granting the Trustee a money judgment against Litvack for the Third Transfer in an amount of not less than Two Hundred Fifteen Thousand and 00/100 ($215,000.00) Dollars pursuant to Bankruptcy Code §550;

(xi) Disallowing any proof of claim filed by the defendant Corporation against the Debtor pursuant to Bankruptcy Code §502;

(xii) Disallowing any proof of claim filed by Litvack against the Debtor pursuant to Bankruptcy Code §502; and

(xiii) Granting such other, further and different relief as the Court deems just and proper.

Dated: Islandia, New York
March *13*, 2017

**MACCO & STERN LLP**
Attorneys for the Trustee

By: *s/ Cooper J Macco*
Cooper J Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900