```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:
                                                                  Case No. 8-16-70277-las
Fine Line Products Corp.,
                                                                  Chapter 7
                    Debtor.
------------------------------------------------------------x
Richard L. Stern, as Trustee of the Estate
of Fine Line Products Corp.,
                                                                  Adv. Proc. No. 8-17-08033-las
                    Plaintiff,
            v.

Sanford Litvack and S. Litvack Inc.,
a/k/a Litvack Sanford, Inc.,
                    Defendants.
------------------------------------------------------------x
```

## **ORDER SETTING PRETRIAL CONFERENCE**

A pretrial conference has been scheduled in this adversary proceeding for **May 23, 2017 at 10:00 a.m.** in accordance with Fed. R. Civ. P. 16(c), made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The purpose of the pretrial conference is to frame the issues to be decided, to establish appropriate guidelines for discovery considering the nature of the matter to be tried, and to set a final pretrial conference date.

IT IS HEREBY ORDERED THAT:

1. The attorney who will serve as principal trial counsel and any unrepresented party must appear in person at all conferences with the Court.

2. Counsel attending the pretrial conference must be authorized by their clients to make stipulations and admissions about all matters that can reasonably be anticipated for discussion.

3. The parties are directed to submit via ECF a joint letter, not to exceed three pages in length, no later than **May 16, 2017** addressing the following in separate

paragraphs: (i) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (ii) any contemplated motions; (iii) a brief description of any discovery that has already taken place; and (iv) the prospect for settlement.

4. No later than fourteen (14) days before the pretrial conference the parties are directed to (a) hold a Fed. R. Civ. P. 26(f) planning meeting, *provided, however,* that no party is required to prepare and file on the docket a discovery plan; and (b) comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1). Any objections to the initial discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be raised at the pretrial conference.

5. At the pretrial conference, counsel and any unrepresented party should be prepared to discuss all matters for consideration set forth in Fed. R. Civ. 16(c)(2) that would be applicable in an adversary proceeding, including but not limited to:
   a. the existence of any disputes concerning jurisdiction or venue, and in particular, whether this matter is core or noncore. The parties should also be prepared to state whether they will consent to the entry of final orders or judgments by this Court on any issue in this adversary proceeding, whether or not designated as core under 28 U.S.C. § 157(b)(3), or whether they wish to proceed to trial before this Court with the submission of findings of fact or conclusions of law on specific issues to the District Court. If the parties disagree, they shall each cite to relevant authority to support their positions;
   b. any need to amend the pleadings, join additional parties, or file any dispositive motions with respect to the pleadings;
   c. the identification of the principal uncontested facts and issues of law;
   d. the identification of the principal contested facts and issues of law;

e. the appropriateness and timing of any motion for summary judgment under Bankruptcy Rule 7056;

f. the subjects with respect to which discovery may be needed, and anticipated discovery requirements, including:

    i. identification of witnesses and documents; and

    ii. discovery of expert witnesses;

g. which admissions and stipulations about facts and documents can be obtained in advance;

h. the proposed deadline for completion of all discovery;

i. the possibility of settlement, including court-assisted settlement;

j. the desire to make use of alternative dispute resolution, such as mediation, which includes explaining mediation to the parties and whether the parties will consent to mediation;

k. the estimated length of the trial; and

l. any other ways to facilitate the just, speedy and inexpensive resolution or determination of this adversary proceeding.

6. Pursuant to Fed. R. Civ. P. 16(b), the Court will issue a scheduling order following the pretrial conference.

7. Counsel for Plaintiff shall serve copies of this Order upon all parties to this adversary proceeding and upon any other party entitled to notice within five (5) days after the date of this Order and shall file proof of such service.



**Dated: March 17, 2017**  
**Central Islip, New York**

**Louis A. Scarcella**  
**United States Bankruptcy Judge**